UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60741-CV-DIMITROULEAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. One 1978 ISRAEL 1124 FIXED-WING JET,
SERIAL NO. 223, FAA REG.# N518WA, and

2. $403,604.82 IN U.S. DOLLARS SEIZED
FROM HP BROTHERS, LLC. ACCOUNT
# 2000021349298 AT WELLS FARGO BANK
_____/

## ORDER OF FORFEITURE AND DISMISSAL WITH PREJUDICE

This matter is before the Court upon the stipulation and settlement agreement between the United States, and Claimants Avioquattro Airlines, Corp and HP Brothers, LLC., ("Claimants"). The Court has reviewed the terms of the stipulation and the record in this action, and being otherwise fully advised, the Court finds as follows:

1.    The parties, the United States and Claimants have agreed to settle this action pursuant to the following terms:

    a.    The United States agrees to release and return defendant property number 1 to Claimant Avioquattro Airlines, Corp., once the aircraft has been properly registered in accordance with the provisions of Title 14 C.F.R. Part 47, and verified as such by the Federal Aviation Administration. Claimant Avioquattro Airlines, Corp., also agrees to pay the sum of $10,000 (ten thousand dollars) to the U.S. Marshals Service representing the total amount of maintenance and storage expenses related to the defendant aircraft.

1

> Payment shall be made through a cashier's check payable to the U.S. Marshals Service.
>
> b. The defendant property number 2, $403,604.82 in funds seized from the HP Brothers, LLC account, etc., are forfeited to the United States pursuant to Title 18, U.S.C.§ 1960, as prayed for in the amended verified complaint (DE 8) filed in this action.

2. Claimants Avioquattro Airlines, Corp and HP Brothers, LLC., their agents, attorneys, heirs and assigns agree to forever withdraw any and all claims regarding the defendant property, and agree to release, hold harmless and fully indemnify the United States Drug Enforcement Administration, and the Federal Aviation Administration, from any claims concerning the seizure, disposition and forfeiture of any defendant property.

3. Each party further agrees to bear its own expresses, cost and attorney fees incurred at any stage of these proceedings.

4. Avioquattro Airlines, Corp., and HP Brothers, LLC., knowingly, voluntarily, and with assistance of counsel agree to waive any and all claims or defenses that it may have in this action under the United States Constitution or any other federal or state law.

5. Claimants, Avioquattro Airlines, Corp., and HP Brothers, LLC., its President, its agents, attorneys, heirs and assigns agree to forever withdraw any and all claims regarding the defendant aircraft, and agree to release, hold harmless and fully indemnify the United States of America and all officers, agents or employees of the United States, the United States Drug Enforcement Administration and the Federal Aviation Administration, from any and all claims concerning any matter related to the seizures' forfeiture in this case, and the release of the defendant aircraft.

6. Each party further agrees to bear its own expenses, costs and attorney fees incurred at any stage of these proceedings.

7. This agreement shall not be deemed an admission of any criminal or civil liability on the part of the claimants, Avioquattro Airlines, Corp., and HP Brothers, LLC.

8. This action is dismissed with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

9. The Clerk of the Court is directed to **CLOSE** this action and **DENY** any pending motions as moot.

   **DONE and ORDERED** in Chambers at Fort Lauderdale, Florida, this 18th day of September, 2013.

   WILLIAM P. DIMITROULEAS
   United States District Judge

Copies provided to:

Counsel of record